Present at this term,
$\left\{\begin{array}{l}\text{Chief Justice } Clay.\\ \text{Judges } Webb,\\ \quad Lipscomb,\\ \quad Saffold,\\ \quad Ellis, \text{ and } Crenshaw,\end{array}\right.$

(Who was elected by the Legislature during the session)
on and after the sixth day of the Term.

---

### Cain *against* Sullivan and others.

*December*, 1821.

*SULLIVAN* and Co. brought an action of Debt against *Cain* in the Court below. The writ was returned " Exe- " cuted 9th *August*, 1819, *W. Saunders*, D. S." The Re- cord after the declaration, sets out " Appearance on the " Docket, *Titus* for the plaintiff, *Mead* for the defendant. " And now afterwards to wit," &c. " came the parties afore- " said by their attornies, and the said defendant says nothing " in bar or preclusion of the plaintiff's action, by which," &c. " It is therefore considered by the Court that the said " plaintiffs recover against the said defendant," &c.

*The entry of the name of defend- ant's attorney on the Docket, is a sufficient appear- ance.*

*Cain* assigned for Error that no writ had been served upon him, and that he was not legally before the Court when the judgment was rendered against him.

Judge *Lipscomb* delivered the opinion of the Court.

It is essential that the defendant should be in Court, per- sonally or by attorney, before judgment against him. The writ does not appear to have been served by an officer known to the Court ;(*a*) but the name of an attorney for the defendant appears on the Docket. It is contended that the Docket is no part of the Record, and that the Clerk had no right to send up to this Court as part of the Record any thing which belongs to the Docket. Though strictly speak- ing it is no part of the Record, it must be so considered for the purpose of amendment, and for ascertaining whether

*(a) Land vs. Patteson, ante p. 14.*

an appearance has been entered. In the English Courts the *Filazer's* book of appearance was no more a Record than the Dockets of our Courts. Yet the only means of ascertaining whether an appearance had been made by attorney, was by reference to that book. The appearance by attorney was by a memorandum entered by his direction in the Filazer's book. The Court does not enquire into the attornies' authority, but takes it for granted, and leaves the injured party to his action should it be otherwise ; and after appearance no objection can be made to the regularity of the process. (1 Sellon's Practice, 91—94, 99, 100, and authorities there cited. 1 Haywood, 406.)

It is the opinion of the Court—That the name of the attorney for the defendant on the Docket is a sufficient appearance—That such appearance, and no advantage claimed of defective service of process, is a Waiver of the defect, and that for the purpose of ascertaining whether an appearance has been entered, the Docket is to be considered as part of the Record.

Let the judgment be affirmed.

Judge *Clay*, having been of Counsel, gave no opinion.